1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   LEONARD V. CHARLES,                    No. CIV S-05-1367-DFL-CMK-P

12              Petitioner,

13         vs.                              FINDINGS AND RECOMMENDATIONS

14   M.S. EVANS,

15              Respondent.

16   _____/

17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for

19   a writ of habeas corpus (Doc. 1), filed on July 7, 2005, respondent's answer (Doc. 7), filed on

20   October 6, 2005, and petitioner's reply (Doc. 8), filed on October 17, 2005.

21

22                          **I.  BACKGROUND**

23          Petitioner is an inmate at the California Correctional Center ("CCC").  Since

24   being incarcerated, petitioner has been identified as a member of the "Crip" prison gang.  On

25   September 13, 2002, a riot broke out between the "Crip" and rival "Blood" gang factions at

26   CCC.  An investigation into the incident revealed that petitioner was an active participant in the

                                        1

1  riot and that he had been involved in assaulting another inmate with an inmate-manufactured

2  weapon.  Petitioner was charged with a rules violation based on committing a battery with a

3  deadly weapon.  A prison staff member who was not present at the riot was assigned to assist

4  petitioner with the hearing.  Prior to the hearing, petitioner was given copies of all documents

5  relating to the charge, and was allowed to view a videotape of the incident.  Petitioner waived

6  the 24-hour preparation period and asked for a hearing as soon as possible.  The hearing was

7  held on February 21, 2003.  The hearing officer considered several pieces of documentary

8  evidence, the statements of nine inmate witnesses, and certain confidential information.

9  Pursuant to relevant provisions of California prison regulations, the hearing officer determined

10  that the confidential information was reliable because more than one source independently

11  provided the same information and because one source had been corroborated.  Petitioner was

12  found guilty of the rules violation and assessed a loss of 360 days of good-time credits.

13          Petitioner filed a habeas petition with the Lassen County Superior Court, alleging

14  that the hearing officer violated his procedural due process rights.  That petition was denied in a

15  written opinion.  The California Supreme Court summarily denied petitioner's claim.

16

17                              **II.  STANDARD OF REVIEW**

18          Because this action was filed after April 26, 1996, the provisions of the

19  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively

20  applicable.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Calderon v. United States Dist. Ct.

21  (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998).  The AEDPA

22  does not, however, apply in all circumstances.  For instance, when the state court reaches a

23  decision on the merits, but provides no reasoning to support its conclusion, a federal habeas

24  court independently reviews the record to determine whether the state court clearly erred in its

25  application of Supreme Court law.  See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

26  Similarly, when it is clear that a state court has not reached the merits of a petitioner's claim,

1   because it was not raised in state court or because the court denied it on procedural grounds, the

2   AEDPA deference scheme does not apply and a federal habeas court must review the claim de

3   novo.  See Pirtle v. Morgan, 313 F.3d 1160 (9th Cir. 2002) (holding that the AEDPA did not

4   apply where Washington Supreme Court refused to reach petitioner's claim under its

5   "relitigation rule"); see also Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir. 2002) (holding that,

6   where state court denied petitioner an evidentiary hearing on perjury claim, AEDPA did not

7   apply because evidence of the perjury was adduced only at the evidentiary hearing in federal

8   court); Appel v. Horn, 250 F.3d 203, 210 (3d Cir.2001) (reviewing petition de novo where state

9   court had issued a ruling on the merits of a related claim, but not the claim alleged by petitioner).

10   When the state court does not reach the merits of a claim,  "concerns about comity and

11   federalism . . . do not exist."  Pirtle, 313 F. 3d at 1167.

12           Where the AEDPA is applicable, federal habeas relief under 28 U.S.C. § 2254(d)

13   is not available for any claim decided on the merits in state court proceedings unless the state

14   court's adjudication of the claim:

15           (1) resulted in a decision that was contrary to, or involved an
        unreasonable application of, clearly established Federal law, as
16           determined by the Supreme Court of the United States; or

17           (2) resulted in a decision that was based on an unreasonable
        determination of the facts in light of the evidence presented in the State
18           court proceeding.

19   28 U.S.C. § 2254(d); see also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v.

20   Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F. 3d 1223, 1229 (9th Cir. 2001).

21           Under § 2254(d), federal habeas relief is available where the state court's decision

22   is "contrary to" or represents an "unreasonable application of" clearly established law.  In

23   Williams v. Taylor, 529 U.S. 362 (2000) (O'Connor, J., concurring, garnering a majority of the

24   Court), the United States Supreme Court explained these different standards.  A state court

25   decision is "contrary to" Supreme Court precedent if it is opposite to that reached by the

26   Supreme Court on the same question of law, or if the state court decides the case differently than

1   the Supreme Court has on a set of materially indistinguishable facts.  See id. at 405.  A state

2   court decision is also "contrary to" established law if it applies a rule which contradicts the

3   governing law set forth in Supreme Court cases.  See id.  In sum, the petitioner must demonstrate

4   that Supreme Court precedent requires a contrary outcome because the state court applied the

5   wrong legal rules.  Thus, a state court decision applying the correct legal rule from Supreme

6   Court cases to the facts of a particular case is not reviewed under the "contrary to" standard.  See

7   id. at 406.  If a state court decision is "contrary to" clearly established law, it is reviewed to

8   determine first whether it resulted in constitutional error.  See Benn v. Lambert, 293 F.3d 1040,

9   1052 n.6 (9th Cir. 2002).  If so, the next question is whether such error was structural, in which

10  case federal habeas relief is warranted.  See id.  If the error was not structural, the final question

11  is whether the error had a substantial and injurious effect on the verdict, or was harmless.  See id.

12         State court decisions are reviewed under the far more deferential "unreasonable

13  application of" standard where it identifies the correct legal rule from Supreme Court cases, but

14  unreasonably applies the rule to the facts of a particular case.  See id.; see also Wiggins v. Smith,

15  123 S.Ct. 252 (2003).  While declining the rule on the issue, the Supreme Court in Williams,

16  suggested that federal habeas relief may be available under this standard where the state court

17  either unreasonably extends a legal principle to a new context where it should not apply, or

18  unreasonably refused to extent that principle to a new context where it should apply.  See

19  Williams, 529 U.S. at 408-09.  The Supreme Court has, however, made it clear that a state court

20  decision is not an "unreasonable application of" controlling law simply because it is an

21  erroneous or incorrect application of federal law.  See id. at 410; see also Lockyer v. Andrade,

22  123 S.Ct. 1166, 1175 (2003).  An "unreasonable application of" controlling law cannot be found

23  even where the federal habeas court concludes that the state court decision is clearly erroneous.

24  See Lockyer, 123 S.Ct. at 1175.  This is because ". . . the gloss of clear error fails to give proper

25  deference to state courts by conflating error (even clear error) with unreasonableness."  Id.  As

26  with state court decisions which are "contrary to" established federal law, where a state court

1    decision is an "unreasonable application of" controlling law, federal habeas relief is nonetheless

2    unavailable if the error was non-structural and harmless.  See Benn, 283 F.3d at 1052 n.6.

3

4                                **III.  DISCUSSION**

5            Here, petitioner claims: (1) the hearing officer failed to consider exculpatory

6    evidence contained in an affidavit provided by another inmate; (2) the hearing officer failed to

7    consider exculpatory evidence in the form of a report prepared by a correctional officer and

8    which undermined confidential testimony; (3) the hearing officer failed to consider an affidavit

9    provided by another inmate; and (4) the hearing officer denied petitioner the right to present

10   documentary evidence in his defense.

11           In the last reasoned state court decision, the Lassen County Superior Court stated

12   as follows:

13                   Petitioner, in the custody of the California Department of
             Corrections at Salinas Valley State Prison, alleges he was deprived of due
14           process in the course of disciplinary proceedings at the California
             Correctional Center in which he was found guilty of a "Division A"
15           serious disciplinary offense.  In essence, petitioner claims that the finding
             of his guilt is unsupported by the weight of the evidence in light of the
16           affidavits of two inmates in contravention of the confidential
             memorandum relied upon by the hearing panel for the finding of guilt.  On
17           review of an administrative board's determination, the court does not have
             a right to judge the intrinsic value of the evidence nor to weigh it, the
18           court's power being confined to determining whether there was substantial
             evidence before the board to support its findings.  (Sultan Turkish Bath,
19           Inc. v. Police Commissioners (1959) 169 Cal. App. 2nd 188;
             Superintendent v. Hill (1985) 472 U.S. 445).  The hearing panel was
20           entitled to consider the confidential information (In re Jackson (1987) 43
             Cal. 3d 501) along with the other evidence presented.  The petition for
21           writ of habeas corpus is denied.

22   The California Supreme Court summarily denied the petition, citing In re Dexter, 25 Cal.3d 921

23   (1979).

24           With respect to prison disciplinary proceedings, due process requires prison

25   officials to provide the inmate with: (1) a written statement at least 24 hours before the

26   disciplinary hearing that includes the charges, a description of the evidence against the inmate,

1    and an explanation for the disciplinary action taken; (2) an opportunity to present documentary

2    evidence and call witnesses, unless calling witnesses would interfere with institutional security;

3    and (3) legal assistance where the charges are complex or the inmate is illiterate.  See Wolff v.

4    McDonnell, 418 U.S. 539, 563-70 (1974).  Due process is satisfied where these minimum

5    requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and

6    where there is "some evidence" in the record as a whole which supports the decision of the

7    hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985).  The "some evidence"

8    standard is not particularly stringent and is satisfied where "there is any evidence in the record

9    that could support the conclusion reached."  Id. at 455-56.  A violation of prison regulations does

10   not give rise to a due process claim as long as these minimum protections have bene provided.

11   See Walker, 14 F.3d at 1419-20.

12          Due process does not require disclosure of the identity of persons providing

13   information leading to disciplinary action.  See Toussaint v. McCarthy, 801 F.2d 1080, 1101 (9th

14   Cir. 1986).  However, some criteria for use of confidential information apply.  "[A] prison

15   disciplinary committee's determination derived from a statement of an unidentified inmate

16   informant satisfies due process when (1) the record contains some factual information from

17   which the committee can reasonably conclude that the information was reliable, and (2) the

18   record contains a prison official's affirmative statement that safety considerations prevent the

19   disclosure of the informant's name."  Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir. 1988).

20   Reliability may be established by:  (1) the oath of the investigating officer appearing before the

21   committee as to the truth of his report that contains confidential information; (2) corroborating

22   testimony; (3) a statement on the record by the chairman of the committee that he had firsthand

23   knowledge of sources of information and considered them reliable based on the informant's past

24   record; or (4) an in camera review of the documentation from which credibility was assessed.

25   Proof that an informant previously supplied reliable information is sufficient.  See id. at 186-87.

26   / / /

1          In this case, it is clear from the sate court's reasoned opinion and the foregoing

2     legal principles that the state court applied clearly established law.  As such, petitioner's claims

3     cannot be reviewed under the "contrary to" standard.  See Williams, 529 U.S. at 406.  Therefore,

4     the court will address petitioner's claim under the more deferential "unreasonable application of"

5     standard.  Under this standard, the question before the court is whether the state court's decision

6     was unreasonable.  The court concludes that it was not.

7          First, the record confirms that petitioner waived the 24-hour notice requirement.

8     Second, the record also confirm that petitioner was provided with staff assistance.  Third,

9     petitioner was presented with the charges against him.  Fourth, the record is clear that petitioner

10    was provided the opportunity to present evidence in his defense, and that he did in fact offer such

11    evidence.  As to use of confidential information, the record shows that the hearing officer made

12    an affirmative declaration that institutional safety precluded disclosure of the source.  The record

13    also reveals that the confidential information was reliable.  Specifically, the hearing officer

14    determined that other sources had independently corroborated the information, that the

15    information provided by the confidential source was self-incriminating, and that other

16    information provided by the confidential source had previously been determined to be true.

17         Finally, as to petitioner's claim that the hearing officer failed to consider certain

18    exculpatory evidence, the court concludes that such a claim amounts to a challenge to the

19    sufficiency of the evidence.  As the state court correctly observed, the test is not whether the

20    evidence is sufficient, but whether there is any evidence in the record which supports the

21    disciplinary finding.  While a number of the inmate witnesses called by petitioner to testify on

22    his behalf stated that petitioner was the victim in the gang riot incident, the hearing officer based

23    the disciplinary finding of guilt on the following evidence:

24              1.     The written report of a correctional officer documenting that
                       petitioner was an active participant in the riot and that petitioner
25                     stabbed two other inmates;

26    / / /

2. The written report of a prison doctor documenting the injuries sustained by the stabbing victims as well as skin lacerations to petitioner's wrist;

3. Information provided by confidential sources who witnessed petitioner as the aggressor in the stabbing incident.

This evidence clearly constitutes "some evidence" to support the disciplinary finding.

Because the state court's decision was not an unreasonable application of clearly established law, petitioner is not entitled to federal habeas relief.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus be denied and that judgment be entered accordingly.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   January 4, 2006.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE